Williams Law Firm, P.C.
Nicholas J. Pagnotta
Peter B. Ivins
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
nick@wmslaw.com
peter@wmslaw.com
*Attorneys for Defendant*
*Mid-Century Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| STEPHAN JOHNSON,<br><br>Plaintiff,<br><br>-vs-<br><br>MID-CENTURY INSURANCE COMPANY and JOHN DOES A-D,<br><br>Defendants. | CV _____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Mid-Century Insurance Company files this Notice of Removal of this case from the Montana Third Judicial District Court, Deer Lodge County. Removal is based on 28 U.S.C. § 1332(a) diversity of citizenship. As demonstrated below, removal is timely, there is complete diversity of citizenship, and the amount in controversy requirement is met.

## I. THE STATE COURT ACTION AND PLEADINGS

1. Plaintiff Stephan Johnson filed the below described state court action against Mid-Century Insurance Company in Deer Lodge County, Montana. The state court action was filed as Cause No. DV-22-47.

2. The state court action seeks declaratory relief, personal injury damages, and attorney fees stemming from a claim for underinsured motorist coverage following a car accident in Anaconda, Montana.

3. The state court action is a civil action within the meaning of the Acts of Congress for the removal of cases.

4. Johnson served Mid-Century with the state court action by serving Mid-Century's registered agent on July 8, 2022. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Mid-Century in the removed case are attached as **Exhibit A**:

   a. Complaint for Declaratory Relief and Common Fund; and

   b. Summons – Mid-Century Insurance Company.

## II. DIVERSITY JURISDICTION EXISTS

5. This Court has diversity jurisdiction under § 1332(a).

### A. Complete Diversity Exists

6. Plaintiff Stephan Johnson is a natural person and citizen of Montana.

7. Defendant Mid-Century Insurance Company is a California corporation with a principal place of business in California. Therefore, it is a citizen of California. 28. U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)

8. Plaintiff has additionally named various John Doe defendants, who are disregarded for diversity jurisdiction purposes. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

9. Complete diversity exists.

**B.    Removal Is Timely**

10. Pursuant to § 1446(b), this Notice of Removal is being filed within thirty days of Mid-Century being served with a copy of the Complaint for Declaratory Relief and Common Fund. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 348 (1999) (the thirty-day removal clock in § 1446 does not begin until formal service); *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).

**C.    The Amount In Controversy Requirement Is Present**

11. As demonstrated below, the damages sought in this case exceed $75,000.00, exclusive of interest and costs, so the amount in controversy requirement is met. 28 U.S.C. § 1332(a).

12. The Ninth Circuit has "held that 'the amount in controversy . . . 'is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018) (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018)).

13. In *Fritsch*, the Ninth Circuit held that attorney fees incurred after removal are properly included in determining whether the amount-in-controversy requirement is met. *Fritsch*, 899 F.3d at 794.

14. Plaintiff claims that he is entitled to a declaration that his underinsured motorist coverage stacks, requiring an additional payment of $35,000 for UIM coverage.

15. Plaintiff also seeks damages allowable under Montana law resulting from the negligence of the underinsured driver, including but not limited to pain and suffering, loss of established course of life, past and future medical expenses, and emotional distress damages.

16. Plaintiff seeks his attorney fees.

17. Plaintiff also seeks common fund attorney fees for establishing a benefit to those entitled to UIM coverage under similar circumstances.

18. This Court has held that an estimate of $50,000 in future attorney fees is reasonable in a claim involving a request for declaratory relief for UIM coverage.

*Drange v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-30-BLG-SPW, 2021 WL 1597924, at *2 (D. Mont. Apr. 23, 2021) (citing *King v. GEICO Ins. Co.*, 2014 WL 1789460 (D. Mont. 2014); *Hoffman v. GEICO*, 2008 WL 11417042 (D. Mont. 2008); *Dowson Mid-Continent Cas. Co.*, 2013 WL 12133962 (D. Mont. 2013); and *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429 (Mont. 2013)); *see also Wigton v. State Farm Fire & Cas. Co.*, No. CV 20-98-M-DWM, 2021 WL 5579244, at *2 (D. Mont. Nov. 30, 2021) (awarding the insured $56,657.00 after prevailing in a declaratory judgment action).

19. Additionally, Plaintiff seeks to recover attorney fees on behalf of all similarly situated Mid-Century insureds who were injured within eight years before this suit was commenced and were denied stacking of UIM coverage pursuant to Endorsement MT028. Mid-Century does not concede any of the claimed damages, and its discussion is solely for the amount in controversy requirement. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). However, if Plaintiff is successful, then he would be entitled to recover attorney fees for all similarly situated Mid-Century insureds.

20. When Plaintiff's claim declaratory judgment totaling $35,000 and his future attorney fees, estimated to be $50,000, are added, the claims demonstrate that the amount in controversy exceeds the jurisdictional minimum of $75,000.

### III.     REMOVAL IS APPROPRIATE

21. Based on diversity of citizenship and the amount in controversy, this Court has jurisdiction under 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. § 1441(a), and, pursuant to §§ 106 and 1446(a), and Local Rule 1.2(c)(1), it is to the district court of the United States for the district and division embracing the place of the state action. Mid-Century is filing its Notice of Removal in the Third Judicial District Court pursuant to § 1446(d). A copy is attached as **Exhibit B**.

Dated:  July 29, 2022           Respectfully submitted,

*/s/ Nicholas J. Pagnotta*
Nicholas J. Pagnotta
Peter B. Ivins
Williams Law Firm, P.C.
*Attorneys for Defendant*
*Mid-Century Insurance Company*

7 | P a g e

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I filed the foregoing document with the CM/ECF filing system to be transmitted/served electronically upon all interested parties registered under the Court's CM/ECF system.

<u>*/s/ Nicholas J. Pagnotta*</u>
Nicholas J. Pagnotta
Peter B. Ivins
Williams Law Firm, P.C.
*Attorneys for Defendant*
*Mid-Century Insurance Company*